MOLLER, Respondent, vs. MOLLER, Appellant.

*September 16—October 14, 1924.*

*Judgment: In replevin: What determined.*

The fact that it had been determined in an action of replevin that plaintiff delivered certain Liberty Bonds to defendant, for a consideration and with intent to vest title in defendant, does not preclude plaintiff from maintaining this action based upon breach of the contract under which the bonds were delivered.   p. 536.

APPEAL from two orders of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the plaintiff's complaint and an order overruling a demurrer to plaintiff's amended complaint. Upon the filing of the original complaint the defendant moved to strike certain allegations therefrom and at the same time demurred. The motion and the demurrer were heard together; the motion to strike was granted, and the demurrer was overruled. The plaintiff then filed an amended complaint, to which the defendant also demurred. The same question is raised by both demurrers, and we shall refer to the amended complaint.

The plaintiff's amended complaint sets out that the plaintiff is the father of the defendant; that in a replevin action begun in 1922 the court held that certain Liberty bonds "were delivered to this defendant with intent to vest him with the title, and that such delivery was made for a consideration, and that no further finding or determination was made with reference to the same because said action determined right to possession in replevin only." It is then alleged that Liberty bonds of the par value of $650 were delivered by the plaintiff to the defendant in order that he might use them as collateral for a loan at the bank; that said agreement was made in consideration of the agreement of the defendant that the loan was to be secured for the amount of the bonds, $650, by a mortgage conditioned that the bonds should be returned or their cash equivalent repaid; that upon such understanding the plaintiff parted with the possession of the bonds; that the defendant has never executed such a mortgage and still refuses, and now claims to own the bonds absolutely; and asks judgment that the plaintiff recover from the defendant the sum of $650. To this there was a general demurrer. From the orders overruling the demurrers the defendant appeals.

*F. J. Smith* of Merrill, for the appellant.

For the respondent the cause was submitted on the brief of *Richard B. Runke* of Merrill.

Rosenberry, J. It is the contention of the defendant that this action is an attempt on the part of the plaintiff to relitigate the issues determined in the replevin action. The trial court held, and we think correctly, that this is an action begun to recover damages for the refusal of the defendant to perform the contract under and by virtue of which the court found in the replevin action that he was the owner and entitled to the possession of the bonds. The replevin action settled no more than that—not that the defendant had paid the consideration or performed the contract which he entered into under and by virtue of which the bonds were

transferred to him. We see no reason why the facts stated in the plaintiff's complaint do not constitute a cause of action.

*By the Court:*—The orders appealed from are affirmed.